1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

**ELMER DUARTE,**

12
                    Petitioner,

13
          **v.**

14

15

**SCOTT FRAUENHEIM,**

16
                    Respondent.

17

Case No. 1:14-cv-01331-AWI-MJS

**FINDINGS   AND   RECOMMENDATION
REGARDING   PETITION   FOR   WRIT   OF
HABEAS CORPUS**

18

19
          Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas

20
corpus under 28 U.S.C. § 2254. Respondent, Warden of Pleasant Valley State Prison,

is represented by Krista Pollard of the office of the California Attorney General.

21

22
I.       **PROCEDURAL BACKGROUND**

          Petitioner is currently in the custody of the California Department of Corrections

23
and Rehabilitation following his January 24, 2012 conviction in Orange County Superior

24
Court for assault with a semiautomatic firearm and transportation of a controlled

25
substance with an enhancement for use of a firearm. (See Answer Ex. 1, ECF No. 13-1.)

26
Petitioner is serving his resulting determinate sentence of eight years in prison. (Id.)

27
          On April 10, 2013, Petitioner was found guilty at a prison disciplinary hearing of

28
                                             1

possession of an inmate manufactured weapon, and assessed a 360 day forfeiture of good conduct time. (Pet. at 27.) Petitioner alleges that the disciplinary decision was based on insufficient evidence and that it violated his due process rights under the 6th and 14th amendments. (Pet.) Specifically, Petitioner contends: (1) that the weapon was found in the lower bunk area, which was not his area of the cell, and (2) that he had only been in the cell for about a week and the cell had not been properly searched prior to his placement in the cell. (Id. at 6.)

On September 27, 2013, Petitioner filed a habeas petition in the Sacramento County Superior Court. The petition was denied in a reasoned decision on November 1, 2013. (Answer, Exs. 1-2.)

On December 3, 2013, Petitioner filed a habeas petition in the California Court of Appeal for the Third District. The appellate court summarily denied the petition on December 12, 2013. (Answer, Exs. 3-4.)

Petitioner filed a habeas petition to the California Supreme Court on March 3, 2014. The petition was summarily denied on May 14, 2014. (Answer, Exs. 5-6.)

Petitioner filed the instant federal habeas petition on August 8, 2014. Respondent filed an answer to the petition on October 29, 2014. (See generally Answer, ECF No. 13.) Petitioner did not file a traverse. The matter stands ready for adjudication.

## II.   **FACTUAL BACKGROUND**

On February 16, 2013, Correctional Officer Hansen conducted a random cell search of Petitioner's cell. (Pet. at 24.) Upon searching, Officer Hansen found an inmate manufactured weapon wrapped in tissue paper and inserted into the metal bracing of the bunkbed. (Id.) The weapon appeared to be an eight inch piece of Plexiglas sharpened on one end and wrapped with masking tape as a handle on the other. (Id. at 25.)

Petitioner was charged with possession of an inmate manufactured weapon. (Pet. at 24-27.) He was provided a rules violation report on February 25, 2013. (Id.) On the same date, Petitioner waived the right to assistance of an investigative employee. (Id.)

2

Petitioner did not make any statements prior to the disciplinary hearing or request the presence of any witnesses. (Id.)

Petitioner appeared at the disciplinary hearing on April 10, 2013. (Pet. at 24-27.) In his defense, Petitioner claimed he was not guilty and stated "I had no knowledge of that. I had just moved in." (Id.) After considering all the relevant evidence, the Senior Hearing Officer ("SHO"), Lieutenant S. Quirarte, found that the greater weight of the evidence supported the finding that Petitioner committed the prohibited act of possession of an inmate manufactured weapon. (Id.) The decision was based on a report of the officer who conducted the search of the cell including five pictures of the weapon and the location in the cell where the weapon was found. (Id.) Petitioner was sanctioned a disallowance of 360 days good conduct time were imposed. (Id.)

III.   **DISCUSSION**

A.   **Jurisdiction**

Relief by way of a writ of habeas corpus extends to a prisoner under a judgment of a state court if the custody violates the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 fn.7 (2000).  Petitioner asserts that he suffered a violation of his right to due process as guaranteed by the U.S. Constitution. While the disciplinary hearing occurred at Folsom State Prison, Petitioner was incarcerated at the Pleasant Valley State Prison at the time of filing this petition, which is located within the Fresno Division of the Eastern District of California. 28 U.S.C. § 2241(d); 2254(a). The Court concludes that it has jurisdiction over the action.

B.   **Legal Standard of Review**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 326 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997). The instant petition was filed after the enactment of

1    the AEDPA; thus, it is governed by its provisions.

2        Under AEDPA, a petition for a writ of habeas corpus by a prisoner in custody

3    under a judgment of a state court may be granted only for violations of the Constitution

4    or laws of the United States. 28 U.S.C. § 2254(a); Williams v. Taylor, 529 U.S. at 375 n.

5    7 (2000). Federal habeas corpus relief is available for any claim decided on the merits in

6    state court proceedings if the state court's adjudication of the claim:

7            (1) resulted in a decision that was contrary to, or involved an
             unreasonable application of, clearly established federal law, as
8            determined by the Supreme Court of the United States; or

9            (2) resulted in a decision that was based on an unreasonable
             determination of the facts in light of the evidence presented in the State
10           court proceeding.

11   28 U.S.C. § 2254(d).

12                1.      Contrary to or an Unreasonable Application of Federal Law

13       A state court decision is "contrary to" federal law if it "applies a rule that

14   contradicts governing law set forth in [Supreme Court] cases" or "confronts a set of facts

15   that are materially indistinguishable from" a Supreme Court case, yet reaches a different

16   result." Brown v. Payton, 544 U.S. 133, 141 (2005) (citing Williams, 529 U.S. at 405-06).

17   "AEDPA does not require state and federal courts to wait for some nearly identical

18   factual pattern before a legal rule must be applied. . . . The statue recognizes . . . that

19   even a general standard may be applied in an unreasonable manner" Panetti v.

20   Quarterman, 551 U.S. 930, 953 (2007) (citations and quotation marks omitted). The

21   "clearly established Federal law" requirement "does not demand more than a 'principle'

22   or 'general standard.'" Musladin v. Lamarque, 555 F.3d 830, 839 (2009). For a state

23   decision to be an unreasonable application of clearly established federal law under §

24   2254(d)(1), the Supreme Court's prior decisions must provide a governing legal principle

25   (or principles) to the issue before the state court. Lockyer v. Andrade, 538 U.S. 63, 70-71

26   (2003).

27       A state court decision will involve an "unreasonable application of "federal law

28                                              4

1
2
3
4
5
6
7
8
9
10
11
12
13

only if it is "objectively unreasonable." <u>Id.</u> at 75-76 (quoting <u>Williams</u>, 529 U.S. at 409-10); <u>Woodford v. Visciotti</u>, 537 U.S. 19, 24-25 (2002). In <u>Harrington v. Richter</u>, the Court further stresses that "an unreasonable application of federal law is different from an *incorrect* application of federal law." 131 S. Ct. 770, 785 (2011) (citing <u>Williams</u>, 529 U.S. at 410) (emphasis in original).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." <u>Id.</u> at 786 (citing <u>Yarborough v. Alvarado</u>, 541 U.S. 653, 664 (2004)). Further, "[t]he more general the rule, the more leeway courts have in reading outcomes in case-by-case determinations." <u>Id.</u>; <u>Renico v. Lett</u>, 130 S. Ct. 1855, 1864 (2010). "It is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." <u>Knowles v. Mirzayance</u>, 556 U.S. 111, 122, 129 S. Ct. 1411, 1419 (2009) (quoting <u>Richter</u>, 131 S. Ct. at 786).

14

        2.        Review of State Decisions

15
16
17
18
19
20
21
22
23
24
25
26

        "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the claim rest on the same grounds." <u>See</u> <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 803 (1991).  This is referred to as the "look through" presumption. <u>Id.</u> at 804; <u>Plascencia v. Alameida</u>, 467 F.3d 1190, 1198 (9th Cir. 2006). Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, "does not require that there be an opinion from the state court explaining the state court's reasoning." <u>Richter</u>, 131 S. Ct. at 784-85. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." <u>Id.</u> ("This Court now holds and reconfirms that § 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.").

27
28

        <u>Richter</u> instructs that whether the state court decision is reasoned and explained,

or merely a summary denial, the approach to evaluating unreasonableness under §
2254(d) is the same: "Under § 2254(d), a habeas court must determine what arguments
or theories supported or, as here, could have supported, the state court's decision; then
it must ask whether it is possible fairminded jurists could disagree that those arguments
or theories are inconsistent with the holding in a prior decision of this Court." Id. at 786.
Thus, "even a strong case for relief does not mean the state court's contrary conclusion
was unreasonable." Id. (citing Lockyer v. Andrade, 538 U.S. at 75). AEDPA "preserves
authority to issue the writ in cases where there is no possibility fairminded jurists could
disagree that the state court's decision conflicts with this Court's precedents." Id. To put
it yet another way:

> As a condition for obtaining habeas corpus relief from a federal
> court, a state prisoner must show that the state court's ruling on the claim
> being presented in federal court was so lacking in justification that there
> was an error well understood and comprehended in existing law beyond
> any possibility for fairminded disagreement.

Id. at 786-87. The Court then explains the rationale for this rule, i.e., "that state courts
are the principal forum for asserting constitutional challenges to state convictions." Id. at
787. It follows from this consideration that § 2254(d) "complements the exhaustion
requirement and the doctrine of procedural bar to ensure that state proceedings are the
central process, not just a preliminary step for later federal habeas proceedings." Id.
(citing Wainwright v. Sykes, 433 U.S. 72, 90 (1977).

### 3.   Prejudicial Impact of Constitutional Error

The prejudicial impact of any constitutional error is assessed by asking whether
the error had "a substantial and injurious effect or influence in determining the jury's
verdict." Brecht v. Abrahamson, 507 U.S. 619, 623 (1993); see also Fry v. Pliler, 551
U.S. 112, 121-22 (2007) (holding that the Brecht standard applies whether or not the
state court recognized the error and reviewed it for harmlessness). Some constitutional
errors, however, do not require that the petitioner demonstrate prejudice. See Arizona v.
Fulminante, 499 U.S. 279, 310 (1991); United States v. Cronic, 466 U.S. 648, 659

6

(1984). Furthermore, where a habeas petition governed by AEDPA alleges ineffective assistance of counsel under <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Strickland prejudice standard is applied and courts do not engage in a separate analysis applying the <u>Brecht</u> standard. <u>Avila v. Galaza</u>, 297 F.3d 911, 918, n. 7 (2002); <u>Musalin v. Lamarque</u>, 555 F.3d at 834.

## IV.   REVIEW OF PETITION

Petitioner raises a single claim that the disciplinary violation was based on insufficient evidence. Petitioner concedes that the weapon was found in his cell, but argues that it either belonged to his cellmate or was left in the cell prior to his reassignment.   In support, Petitioner argues that the weapon was found in the area of the lower bunk occupied by his cellmate, and also that it may have been in the cell when he arrived and the cell not properly searched prior to his reassignment. (Pet. at 6-7.)

### A.   State Court Decision

Petitioner presented his claims by way of petitions for writ of habeas corpus to the California Courts. Petitioner is not entitled to relief because the state court's legal and factual determinations in denying Petitioner's claims were not objectively unreasonable or contrary to Supreme Court law. The claim was denied in a reasoned decision by the Sacramento County Superior Court and summarily denied in subsequent petitions by the California Court of Appeal and the California Supreme Court. (<u>See</u> Answer, Exs. 5, 6.) Because the Supreme Court opinion is summary in nature, this Court "looks through" that decision and presumes it adopted the reasoning of the last state court to have issued a reasoned opinion. See <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 804-05 & n.3 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); <u>see also</u> <u>LaJoie v. Thompson</u>, 217 F.3d 663, 669 n.7 (9th Cir. 2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under

7

28 U.S.C. § 2254(d)(1)).

The state court described why Petitioner's due process rights were not denied in a reasoned decision, stating:

> "An inmate is found guilty at a disciplinary hearing based upon a preponderance of the evidence standard. Due process requires that the findings of a disciplinary board be upheld if the decision is supported by 'some evidence.' (Superintendent v. Hill (1985) 472 u.s. 445, 454.) Hill expressly states that in applying the 'some evidence' standard, courts are not required to examine the entire record, independently assess credibility of witnesses, or weigh the evidence. (Id., at p. 455.) The court must only decide if there is any evidence in the record that would support the conclusion reached. (Id., at pp. 455-456.)
>
> In this case, the weapon was found secreted between the brace for the upper bunk – petitioner's bunk – and the wall, and petitioner had been assigned to the cell for approximately one week prior to the discovery. This information is sufficient to satisfy the 'some evidence' standard set forth in Hill, supra. That prison officials never negated the possibility that the weapon was already in the cell when petitioner moved into it is not a basis for overturning the findings as the courts have held that the standards that apply with respect to disciplinary proceedings are significantly more lenient than those applied with respect to criminal convictions. (In re Zepeda (2006) 141 Cal.App.4th 1493, 1499.) "Implicit in the 'some evidence' standard of review is the recognition that due process requirements imposed by the federal Constitution do not authorize courts to reverse prison disciplinary actions simply because, in the reviewing court's view, there is a realistic possibility the prisoner being disciplined is not guilty of the charged infraction." (In re Zepeda, supra, at p. 1498.) "Thus, to withstand court scrutiny for federal due process purposes, there is simply no requirement that the evidence 'logically precludes any conclusion but the one reached by the disciplinary [official].' … Rather, all that is required is '""some evidence from which the conclusion of the [official] could be deduced""' (In re Zepeda, supra, at p. 1499, citing to Superintendent v. Hill, supra, at p. 456.)"

(Answer, Ex. 2. (footnotes omitted))

**B.   Procedural Due Process**

The law concerning a prisoner's Fourteenth Amendment liberty interest in good conduct time is set forth in Wolff v. McDonnell, 418 U.S. 539 (1974). While the United States Constitution does not guarantee good conduct time, an inmate has a liberty interest in good conduct time when a state statute provides such a right and delineates that it is not to be taken away except for serious misconduct. Id. at 557. Inmates involved in a disciplinary action are entitled to procedural protections under the Due

8

Process Clause, but not to the full array of rights afforded to criminal defendants. <u>Wolff</u>, 418 U.S. at 556 (1974).Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. <u>Bostic v. Carlson</u>, 884 F.2d 1267, 1269 (9th Cir. 1989) (citing <u>Superintendent, etc. v. Hill</u>, 472 U.S. 445, 454-455 (1984)).

When a prison disciplinary proceeding may result in the loss of good conduct time, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. <u>Hill</u>, 472 U.S. at 454; <u>Wolff</u>, 418 U.S. at 563-567.

From the record, it appears Petitioner was provided the procedural due process rights granted under <u>Wolff</u>. Petitioner does not raise any procedural due process claims, and therefore is not entitled to relief on such grounds.

### C.   <u>Substantive Due Process</u>

Petitioner's claims are based on insufficient evidence. (Pet. at 6-7.) As discussed above, federal habeas corpus relief is available only when the state court's decision results in a decision that "contrary to" federal law or was based on "an unreasonable determination of the facts." 28 U.S.C. § 2254(d); <u>Brown v. Payton</u>, 544 U.S. 133, 141 (2005) (citing <u>Williams</u>, 529 U.S. at 405-06). The evidentiary standard for review of a state prison disciplinary decision's adherence to due process merely requires "some evidence from which the finding of the administrative tribunal could be deduced." <u>Superintendent v. Hill</u>, 472 U.S. 445 (1985).

A court must refrain from making its own assessment of the credibility of witnesses or second guessing the fact finding determinations and decisions of the disciplinary board. <u>Id.</u> at 455. Thus, the "some evidence" standard under <u>Hill</u> is

1
2
3
4

"minimally stringent," and the courts may not "set aside decisions of prison administrators that have some basis in fact." Id. at 455-56. Further, the existing evidence need not "logically preclude" any conclusion other than the one reached by the hearing officer. Id. at 457.

5
6
7
8
9
10
11

An issue of fact is limited to "basic primary, or historical facts: facts in the sense of a recital of external events and credibility of their narrators." Thompson v. Keohane, 516 U.S. 99, 109-10 (1995) (interpreting 28 U.S.C. § 2254(d)). The state courts' adjudication of petition did not turn on disputed factual findings; instead, the state court applied a federal standard of review to undisputed facts in the record. (Answer, Ex. 2; Hill, 472 U.S. at 455-456 (application of the some-evidence standard to a prison disciplinary decision does not involve re-weighing the evidence).)

12
13
14
15
16
17
18

Petitioner does not dispute that an inmate manufactured weapon was found in his cell. He also does not dispute the state court's finding that the weapon was found between a brace to the upper bunk (i.e. Petitioner's bunk) and the wall. Petitioner argues, as he did at the disciplinary hearing, that his cell was not properly searched prior to his placement, and that the weapon was in the cell without his knowledge and possibly belonged to his cellmate. The Court rejects the invitation to reweigh, reassess, and rebalance the evidence that was previously presented to the state courts.

19
20
21
22
23
24
25
26
27

An alternative account of the incident need not be accepted as true or accurate by the hearing officer, and does not undermine a finding that "some evidence" exists that Petitioner was in possession of the weapon. The some evidence standard is a low threshold, and will be met even when evidence to the contrary is presented. As the evidence presented at the hearing and relied upon by the hearing officer constitutes some evidence that Petitioner possessed a manufactured weapon, the disciplinary decision satisfies the some evidence standard. This remains true despite the possibilities that the weapon was left in the cell or that it was his cellmate's weapon. The state courts did not unreasonably apply Hill in reviewing the prison's disciplinary proceedings and

28

denying Petitioner's claim. As described, there was some evidence based on the internal investigation that the weapon was hidden in the cell in the area of Petitioner's bunk.

The state court decision properly applied clearly established Supreme Court law and the state court's factual determinations were not objectively unreasonable. Further, the disciplinary decision was found to be supported by some evidence. The Court finds no constitutional violation with regard to the finding of the disciplinary proceeding or the state court interpretation of such proceeding at issue in this case. The Court recommends that the petition for writ of habeas corpus be denied.

## V.    RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the petition for writ of habeas corpus be DENIED.

These Findings and Recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).


IT IS SO ORDERED.


Dated:    June 27, 2016                          /s/ Michael J. Seng
                                                 UNITED STATES MAGISTRATE JUDGE

11